Good morning, Your Honors. Janet Tung, Federal Defenders of San Diego, on behalf of Mr. Solorzano-Calderon. I'd like to start off today by focusing on the jury instruction error that happened at Mr. Solorzano's trial. Now, Mr. Solorzano was charged with violating Section 1326 of Title VIII, which punishes reentry of an alien if that alien has not obtained consent to reapply for admission to the United States. And that's the crucial phrase in this case, is reapplying for admission. Try to keep your voice up just a little bit. Okay, Your Honor. Now, Mr. Solorzano was indicted on that same charge using that same language. The indictment in this case read that Mr. Solorzano had been found in the United States without having obtained the consent to the defendant's, quote, reapplication for admission. It tracks the statutory language almost perfectly. The language of Section 1326 uses the phrase reapplying, consent for reapplying for admission to the United States. Now, where things went wrong in this case was during trial when the district judge instructed the jury. The district judge instructed the jury to find Mr. Solorzano guilty if he hadn't shown consent to enter the United States. Now, that's categorically different than consent to reapply for admission to the United States. Now, there's three cases that control here, the Cervantes-Flores case, the Pena-Jaime case, both cases of this circuit, and then there's the BIA decision, Torres-Garcia. Now, what those cases show is that in order for an alien to be lawfully, to come completely lawfully into the United States, he has to go through this two-step process. And the first step of the process is to obtain consent to reapply for admission. The second step is consent to entry. Now, 1326 just looks at that first step, the consent to reapply for admission. What Cervantes-Flores tells us is in that case, that case acknowledged that it really is consent to reapply for admission, not consent to enter. And Mr. Solorzano's case is different from and much stronger than the Cervantes-Flores case in three ways. First, the jury instruction in Cervantes-Flores was in some way ambiguous. The jury instruction used the Ninth Circuit model instruction in effect at the time, which only spoke about generally consent of the Attorney General of the United States. It didn't specify whether the consent was to entry or consent to reapplication for admission. But didn't Cervantes make the same argument that you're making here? Didn't Cervantes say that the instruction erroneously allowed the jury to convict Cervantes if it found he had received permission to reapply but had not received permission to enter? Isn't that the same argument you're making? Your Honor, I agree with you that on its face it appears to be the same argument. But I think Mr. Solorzano's case is categorically different for several reasons. Because, first of all, the instruction given in Mr. Solorzano's case, I'm sorry, in Mr. Cervantes-Flores's case could have encompassed the correct element of the offense. Only the instruction given in Cervantes-Flores only talked about consent. And it didn't modify either – I mean, it didn't specify that it was either consent to enter or consent to reapply. So, in effect, what the Court said in Cervantes-Flores is it was – granted, that instruction wasn't perfect. It was ambiguous and it didn't say exactly what the element was. But it did actually encompass what could possibly have been the element. In contrast, in this case, the instruction given here, the district judge actually asked the jury to find Mr. Solorzano guilty if he did not obtain – if he – I'm sorry, if he did not obtain consent to enter the United States, which is a different – a totally different legal concept. Okay. So the one in Cervantes said if he was found in the United States without the consent of the Attorney General. Right? That's right. And it didn't say – And the one in this case said if he did not receive consent to enter. That's right. Is that – that's the difference you see in the instruction? That is the first difference – well, that's the difference in the instruction. That's correct. That's the first difference I see in the case – in the two cases. Second difference in the case is Mr. – this is – this was Mr. Solorzano's theory of the defense. His entire defense was centered on the difference between these two concepts. He conceded just about everything else at trial. He even conceded the fact that he did not have consent to enter the United States. He focused his defense on the difference between these two – these two steps in immigration law. The – and the – in – factually, Mr. Cervantes – Cervantes Flores did not focus on this particular difference. Cervantes Flores had raised some sort of necessity defense. And that was – that was sort of the principle of his case. That was what was driving his case. And he didn't really – he didn't really raise this. It wasn't central. The difference between these two concepts wasn't central to his offense. But it was here. The other thing that's different about Mr. Solorzano's case that the Cervantes – Cervantes Flores language doesn't quite control on raises the other two cases that I brought up earlier, the Pena-Jaime case and the Torres-Garcia case. Well, before we leave the Cervantes case, we pointed out in Cervantes that there was never any evidence presented that Mr. Cervantes had applied for or received any form of consent from the attorney general. Do we have any evidence of that nature in this case? There is not evidence of that nature in this case, Your Honor. That's correct. But I know what reference you're talking about in the case. It's in footnote 6. And I believe that that – It's not in the footnote at all. It's in the text. It says, Cervantes has never argued or presented evidence to demonstrate that he applied for or received any form of consent from the attorney general. It's not in the footnote. I'm sorry, Your Honor. There's no evidence of consent in this case, and Mr. Solorzano was not required to present evidence in this case because he was entitled to rest on a reasonable doubt of defense and put the government to its proof at trial. Now, I understand with – had he shown evidence of affirmative evidence of consent to reapply, his case would have been stronger. But I don't think that's fatal here because I don't think Cervantes Flores requires – I don't think it requires affirmative. No, but in order to determine whether or not the jury instruction was erroneous, that's one of the factors that the court looked at, that this – there was nothing to cause any harm with the instruction because there was no evidence that was harmed by this instruction. I think that's – I think that's partly correct, Your Honor. And I think the legal error is one issue that in Cervantes Flores' case, the case does not make a very clear distinction between when they're discussing the legal error of the jury instruction as opposed to the harmless error in that case. And I think that's another – that's another difference that Mr. Solorzano has here, which is his error was certainly not harmless. There was no evidence in his case that he had actually lacked application or lacked consent to reapply for admission. All the testimony in trial focused on was the consent to enter. Now, the eight-file custodian testified to that repeatedly. It's in the supplemental excerpts in page 164, 167. He only responds to the concept of consent to enter. That's the only testimony in this record. So in essence, I think the legal question I think is actually quite – is actually quite clear is that the text of the statute says consent to reapply for admission is really what's at issue here. And the change – the Ninth Circuit jury instructions actually changed after this trial to reflect that. They now – the model instructions now contain the reapplication for admission language. In Cervantes Flores, to the extent that it suggests that reapplication for admission and consent to enter are actually really two steps that are – two steps in form, but one in function, I think that's not true. And you can see that from the Torres-Garcia opinion from the Board of Immigration Appeals. I'll reserve the rest of my time. Thank you. Good morning. Assistant U.S. Attorney Rebecca Young for the United States. Defense counsel is correct that there are essentially two parts to the consent issue. The first one is did the defendant apply for permission to reapply for admission into the United States? Did he file an I-212 with the Attorney General or with the Department of Homeland Security? And based on the Attorney General's response, did he then receive a visa from the State Department? And it makes perfect sense that the jury instruction would focus only on the first part of that question because, of course, if the AG did not give the defendant permission to reapply for admission, you'd never reach the second question. And as you noted, the district court judge in this case gave that exact model jury instruction. What he also did was he gave the theory of the defense instruction that was noted the argument that counsel is making today, which is consent is required before a person can reapply for admission into the United States. If the government has not proven beyond a reasonable doubt that Mr. Solorzano did not have this consent, you must find him not guilty. That's at SER Volume 2335. He gave the instruction that the defense requested. He broke apart that equation and presented that to the jury in this case. And I also wanted to point out that there are two checks when determining whether or not a defendant has filed an I-212 and what the AG's response was. First, you have the A file. You look inside the A file for that form. And as the A file custodian testified, that form was not there. But he also testified that he cross-checks with what's called the claims database. And that checks for both things. That checks for the I-212 application, and it checks for the response. And neither of those existed. He testified to that at SER Volume 1168. So it's not as if the A file is the sole repository of that information. That's exactly why he cross-checks with that database. The counsel in Cervantes-Flores, we did say that the instruction was ambiguous and it was changed. So that negates your argument that it's perfectly reasonable, doesn't it? Well, but in this case, what the model jury instruction was what was given in this case. And the district court actually went above and beyond and made the clarification that the defense specifically requested. And the fact that the jury came back with a not guilty verdict, I think must mean that they credited the A file custodian's testimony and found that his testimony was correct. There was no I-212 that was filed. And there wasn't one in the A file. And if you don't trust the A file, well, then there's no record of it in the database. Did the jury instruction given refer to permission to reapply? My understanding is that it gave the model instruction and then clarified that particular element for the jury. In what way? How did it address the reapplication? Because it gave the theory of the defense instruction, which said you must have consent to reapply for admission into the United States. That's the very first step. And if the government hasn't proven that very first step, then you must find the defendant not guilty. So Judge Whalen did precisely what defense counsel asked him to do, which was to separate kind of the steps for the jury, to make it clear that we don't even move on to whether or not he had a visa from the State Department, because the defense conceded that he didn't, that he was here illegally. Is that the same as permission to reapply? The visa? No, no. Because if you don't have permission to reapply, then there's no visa. You don't move on to the State Department. Where was that element addressed, the permission to reapply element? Where was that addressed in the instructions? Well, I think it was the supplemental theory of the defense instruction that the district court added that makes this harmless error if there is error at all. He clarified for them what I think actually probably confuses it for the jury, but they were able to understand what the district court was saying, which was if you don't, here's the government's burden. Here's what the elements are. And the government can talk all day long about the fact that he was here illegally, that he didn't have a visa from the State Department, but don't be confused by that. The real issue is what's in the elements. But the opposing counsel's argument is that those elements were not elucidated because the permission to reapply segment was never articulated. Well, but I think that supplemental instruction was the court's attempt to do just that. I mean, it was the language that the defense, the exact language that the defense requested, and he gave that. I think probably based on Cervantes-Flores noting that the instruction could be clearer. And I think you stated before that this case is like Cervantes-Flores, and you're exactly right. There is no affirmative evidence in the record that there was an I-212. And, again, of course, the defense does not have the burden of proof. They're obviously welcome to put the government to their proof, but that's what the government did. In these kinds of cases, the government is charged with proving a negative, with proving the absence of something. And the way that we do that is through the A file and through our database checks. Did you try this case? I didn't, no. It was the attorney who wrote the brief is the attorney who tried the case. So, and I think that in this case the district court truly did all that he could do for the defense. I think that's really the theme for all of the issues in this case is when you read the full record, you can see that the district court bent over backwards to accommodate the defense to either give instructions, to tell defense counsel how to lay a proper foundation, to ask if he wanted to take an expert up on voir dire. At every point, he's listening to their concerns and he's responsive to them. And so I think the jury instruction issue is, it really is settled by Cervantes-Flores. And certainly there are unpublished decisions that have come out of the Southern District of California after Cervantes-Flores where this exact same argument has been proffered and rejected. Medina Huerta was out of the Southern District. You don't need to cite unpublished dispositions to me. But it's, you know, it's something that's come up in the wake of Cervantes, this exact issue has come up out of our district, out of the wake of Cervantes-Flores. And I think it's been settled by this court. All right. Were there other issues that the court was interested in? Any other issues? Yeah. Okay. Thank you. Thank you. I have a minute and 40 seconds, and I have four very quick points to make. First of all, the government said that the district judge gave the instruction the defense wanted. That's categorically not true. On excerpts of record, page 149 to 150, defense counsel requested their actual instruction having to do with reapplication for admission. The district judge refused. The district judge, the instruction, the government suggested the district judge instructed on consent to reapply. If you look at the actual text of the jury instructions, also completely not true. On supplemental excerpts, page 334 to 335, the district judge said, Mr. Solisano's theory of defense is that he's not guilty because the government has failed to prove he did not obtain the consent of the Department of Homeland Security or any representative of the department to enter the United States. Consent to entry, right there. My second point is that the government also suggested that there was testimony concerning the absence of a consent to reapply that was nowhere in the record. Is there any evidence that's elucidated that goes to consent to reapplication? There's nothing about an absence of an I-212 form. Look in the record. It's not there. On pages of the supplemental excerpts on pages 168, which government counsel cited, there's three times where the witness, the AFOL custodian, testifies to, quote, reenter the United States. There's no reapplication there. The government talked about the claims database and what the claims database can do. That evidence is just not in the record.  The third point is that the government also suggested that consent to entry and consent to reapplication are essentially the same thing. If you take a look at the Pena-Jaime case, you see that the defendant there received consent to entry but not consent to reapplication. Torres-Garcia is the reverse. The Respondent in that case received consent to reapply but not consent to enter. Final point I'd like to make is that this case is also, is categorically different than Cervantes-Flores because this was a defense theory of the case instruction. That is reversible error per se when the district judge does not give the defense theory of the case. The government also waived its harmless error argument by not raising it in the brief. Are there any other questions? I think my time is almost up. Here will be your time, actually. Thank you, Your Honor. Well, the government left you some time. I think I'm pretty done. All right. This matter is submitted.
judges: Pregerson, Rawlinson, Sandoval